## NICHOLS v. STATE.

No. A-11824. Nov. 25, 1953.

Rehearing Denied Dec. 30, 1953.

(264 P. 2d 366.)

Geb, Fredericks & Moriarty, Ponca City, A. H. Huggins, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ned Looney, County Atty., Kay County, Ponca City, for defendant in error.

POWELL, P. J. Clyde Adward Nichols was charged by information filed in the county court of Kay county with possession of intoxicating liquor, was tried before a jury, found guilty but the jury being unable to agree upon the amount of the punishment, left the same to the court, who thereafter (counsel for the State and the defense being present after written notice from the county attorney) heard evidence from the court clerk of Kay county given from the records in his office of fourteen past offenses for which the defendant had been convicted. The court fixed defendant's punishment at six months incarceration in the county jail of Kay county and to pay a fine of $500, and all costs of the action.

We have carefully read the exhaustive briefs and the record. The defendant did not testify. The evidence was overwhelming. We have given consideration to all the points raised by counsel for the defendant, but find no reversible error.

We shall not go into the evidence or argument of counsel. In order to attain and maintain a current docket a summary judgment is indicated. This expedient many years past was resorted to in misdemeanor cases. See Volumes 2, 3, 5, to 8, 16 to 18, Oklahoma Criminal Reports, and from time to time memorandum opinions in later volumes. See Casteel v. State, 25 Okla. Cr. 51, 218 P. 1111; Tucker v. State, 7 Okla. Cr. 634, 124 P. 1134, 125 P. 1089. The statutory authority was enacted in 1909, but the 1953 Legislature reaffirmed and added to the provisions. See Section 47 of Title 20 O.S., reading:

"The Court of Criminal Appeals shall render a written opinion in all felony cases within six (6) months after said cases shall have been submitted for decision, and the Judge delivering the opinion shall prepare a syllabus of the points of law involved therein, in the same manner as provided for the Supreme Court. There shall be no less than four (4) extra copies of each opinion made and filed with the clerk, to be disposed of by him to any one applying therefor at One Dollar and Fifty Cents ($1.50) each, and said fee shall be accounted for and disposed of as are all fees collected by the clerk: Provided, that the Court may, when in its judgment public interest may be subserved, render a written opinion in like manner in misdemeanor cases. Provided, however, that in any case the opinion of the Court may be in such short form or memorandum form as to the questions of law and the facts involved as the Court deems proper, with or without detailed statement of the facts, all as the Court, in its discretion, may deem sufficient in that case."

The judgment and sentence is affirmed.

JONES and BRETT, JJ., concur.