Willard **FAULCONER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14248.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

Rehearing Denied April 9, 1969.

Josh J. Evans, Vinita, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Willard Faulconer, Plaintiff in Error, hereinafter referred to as defendant, was tried in the County Court of Craig County, Oklahoma, in that court's case number 6046,

for the crime of Sale of Alcoholic Beverage Without a License. Defendant was tried before a jury on November 21, 1966, and was found guilty. His punishment was assessed at a fine of $500.00 and thirty days confinement in the county jail. Defendant's motion for new trial was overruled on or about the 28th day of December, 1966, and on March 16, 1967, the court imposed judgment and sentence upon defendant. Even though the sentence assessed by the jury was a fine of $500.00 and thirty days confinement in the county jail, the County Judge modified the sentence to a fine of $200.00 and confinement for thirty days in the county jail.

▪ Because of the state of the record before this Court, we will follow the provision found in Nichols v. State, 97 Okl.Cr. 414, 264 P.2d 366, which is as follows:

"In a misdemeanor case, where a careful reading of the briefs of the appellant and the State, as well as a careful examination of the record or casemade, discloses no reversible error, and where there is ample evidence to support the verdict of the jury (or judgment of the court in absence of the jury), and judgment rendered, this court may affirm such judgment by summary order, or brief statement, or by opinion of length, as the court may see fit."

▪ We have examined the record submitted to the Court and find that while there is some evidence to support the verdict of the jury, it is not overwhelming. Therefore, as provided in Young v. State, Okl.Cr., 373 P.2d 273, and others not cited, we will not disturb the jury's verdict finding the defendant guilty, but because of the state of the record and weakness of the prosecution evidence, we are of the opinion that the sentence imposed should be modified from a fine of $200.00 and thirty days confinement in the county jail, to the minimum mandatory sentence of a fine of $50.00, and thirty (30) days confinement in the county jail.

We are therefore of the opinion, after having carefully considered the record and briefs filed in this case, that the judgment and sentence, as modified, should be affirmed; and it is so ordered. Judgment and sentence as modified affirmed.

NIX and BUSSEY, JJ., concur.