**Burl CAMPBELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14857.**

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

Danny Johnson, pro se.

Simon B. Spradlin, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, Burl Campbell, hereinafter referred to as the defendant, was charged by information in the Court of Common Pleas of Oklahoma County with the crime of Engaging in an Act of Lewdness. He was tried by a jury, found guilty, and his punishment assessed at 30 days in the County Jail, and costs.

This appeal was first submitted for consideration without briefs and affirmed, under the provisions of Rules 6 and 9, of the Rules of this Court. However, upon application of defendant, premised on the fact that his trial attorney withdrew from the case without filing a brief, this Court withdrew the opinion and recalled the mandate which had been issued. Defendant was permitted to file a brief, and the Attorney General filed a reply brief.

The Court has carefully considered the record and briefs filed in this appeal and fails to find sufficient justification for reversing the conviction sustained by defendant. It is also observed from the record, that the testimony defendant complains of in his brief was not timely objected to by defendant, during his trial. It comes too late to enter an objection, after the witness had completely unfolded his testimony and then attempt to prevent the jury from considering the same, as was done in the instant case.

We are of the opinion that this matter should be disposed of in accordance with Vineyard v. Oklahoma City, Okl.Cr., 452 P.2d 154 (1969):

"In a misdemeanor case, where a careful reading of the briefs of the appellant and the State, as well as a careful examination of the record or casemade, discloses no reversible error, and where there is ample evidence to support the verdict of the jury (or judgment of the court in absence of the jury), and judgment rendered, this Court may affirm such judgment by summary order, or brief statement, or by opinion of length, as the court may see fit." See also: Nichols v. State, 97 Okl.Cr. 414, 264 P.2d 366.

Therefore, having carefully reviewed the record of trial and the briefs sub-

mitted, we are of the opinion that the evidence supports the findings of the jury, and that the record is free from fundamental error. It is therefore ordered that the appeal herein shall be affirmed.

BUSSEY, J., concurs.

NIX, J., not participating.