**Wetahanna Jo BETSY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15096.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1970.

Waldo E. Jones, Sr., Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Tim Leonard, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Wetahanna Jo Betsy, hereinafter referred to as the defendant, was charged in the Municipal Criminal Court of the City of Tulsa, Oklahoma, with the crime of Lewdness. She was tried before the Honorable Luther P. Lane, sitting without a jury. Defendant was found guilty and sentenced to one year in the county jail—nine months of said sentence was suspended.

The testimony revealed that Officers Sunday and Hodges set up operation headquarters in an apartment and proceeded to call certain numbers given to them by their superiors in an attempt to catch prostitutes. After calling several numbers with no answer, they finally called one number and a person answered who identified herself as "Kim". The officers informed her that he and his friend wanted two prostitutes to come over to the apartment for dates. He further inquired as to the price and was informed by the person on the other end of the conversation that it would be $50.00 for a 'straight' date, $75.00 for a 'show' date. The person who identified herself as "Kim" informed the officer as soon as her girlfriend returned they would come to the apartment where the officers were located. Later that evening, two women appeared at the apartment and knocked on the door and when it was opened, evidently recognized the officers and said, "What is this, a bust?" Defendant was arrested and charged with the crime at bar. During the course of the trial Officer Sunday on three different occasions injected into the trial evidence of other offenses. The prosecutor asked the following:

"Q. Had you ever talked to anyone before, using the name of Kim?

A. Yes, the defendant used the—

MR. JONES: Your Honor, please, we object to what the defendant used wherein he specifies as to the time and date, if he brings in other times, he must give us the time and the date.

THE COURT: As I understand someone answered the phone and gave the name as Kim, is that what you are saying?

A. Yes, sir.

THE COURT: And what was your next question, Mr. Prosecutor?

Q. If he had ever contacted anyone who used the name of Kim before?

MR. WALDO JONES: To which we object.

THE COURT: Yes, unless it goes as time and the place.

A. As to the exact date, Your Honor, I don't remember, but I have arrested the defendant before, and used the nickname of Kim."

Also, the following testimony is elicited by the prosecutor from Officer Sunday:

"Q. Did you have any further conversation with this defendant at that time, or anytime subsequent thereto?

A. Nothing other than to obtain the arrest information.

Q. Were you familiar with this defendant prior to May 22, 1968?

A. Yes, I was. I have arrested her previously on a prostitution charge."

Then again:

"Q. Did you know this person prior to the time that somebody opened that door and she walked in on May 22, 1968 in the apartment where you and your partner were?

A. Yes, I was professionally acquainted with the defendant as I have arrested her previously on a prostitution charge."

These type statements have been referred to by this Court as "evidentiary harpoons" and are most improper, and highly prejudicial to the rights of a defendant.

They place the defendant's character in issue even though defendant refuses to take the stand in his or her own behalf, as was the case here. This constituted compounded error by Officer Sunday's persistance in stating the previous arrest on three different occasions. In addition to these errors the case is not one to justify a severe penalty. The judge evidently considered sustaining a demurrer offered by defendant. The following proceedings took place as reflected by the casemade at pages 40, 41, 42:

"MR. WALDO JONES: We are going to demur to the evidence on the grounds that the State has not proved a case against the defendant for Lewdness and no evidence has been produced but a telephone conversation to a person named Kim, who later, some person went to an apartment. We don't feel that is enough for a person to offer someone over the telephone when they could not identify the person. It could have been anyone's voice over the telephone, and for this reason we don't believe there is enough evidence proved by the State that there is a case of Lewdness, there might be something else other than Lewdness, but not Lewdness. We would like to submit a brief on it.

THE COURT: I was going to suggest, Mr. Prosecuting Attorney, that a brief should be submitted to this Court, in 5 or 10 days and an answer brief, by defense counsel. The evidence showed that a phone call went through and a woman gave a name of Kim and there was some talk about prostitution and how much it would cost and soon thereafter, the defendant with another defendant or female showed up, that was not an overt act—just showing up at the apartment was no overt act, no money presented, no clothes disarranged or taken off, or nothing. She knew she had been trapped, not entrapped, but trapped. Therefore, nothing was consummated. Now the question is, under that statute, and as a matter of law, has the State made out a prima facie case. We will set this down

and the prosecuting attorney will file a brief by Sept. 16, with an answer brief to be filed not later than Sept. 20."

Briefs were never filed by either side.

This Court is of the opinion that because of the foregoing reason that justice would be best served by the sentence imposed being modified from One Year in the County Jail with nine months suspended, to Thirty (30) Days in the county jail, and it is so ordered. Modified and affirmed.

BRETT, P. J., and BUSSEY, J., concur.