**Stanley Fred GARBUTT, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15226.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Dick Jones and Charles R. Jones, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Stanley Fred Garbutt, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was set at ten years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on January 28, 1968, a lumber yard office in Lawton was broken into and a safe damaged. Don Billingsley, the operator of the business, testified that the office had been locked and that he did not give anyone permission to enter the same.

Deputy Lewis testified that he was assigned to a burglary detail and at approximately 3:35 observed a person standing in the lumber yard office, bent over the safe. He called for assistance and proceeded toward the office at which time the person ran out of the office and climbed onto a cat walk. The officer ordered that the person stop or he would shoot. The person, identified as the defendant, was arrested lying on the cat walk. A wrecking bar, a hand axe, and other tools were found inside the office and a window in the office had been broken and raised.

Officer Toyner's testimony corroborated that of Deputy Lewis. Two additional policemen identified the defendant as the

person they transported from the lumber yard to the police station. The defendant did not testify, nor was any evidence offered in his behalf.

█ The defendant asserts three propositions of error, two of which contain sufficient merit to be discussed in this opinion. The trial court, in the second stage of the two-stage proceeding, instructed the jury as to "good time credits."

This Court has previously held that the giving of such instruction is error. Williams v. State, Okl.Cr., 461 P.2d 997. In Ferrell v. State, Okl.Cr., 475 P.2d 825, we stated in the second paragraph of the Syllabus:

"Where the trial court erroneously instructs the jury in the second stage of a two-stage proceeding relative to 'good time credits' under the provisions of 57 O.S.Supp. § 138, after a determination of defendant's guilt has been made by the jury in the first stage of the two-stage proceeding and the jury imposes the minimum punishment prescribed by law, such error does not require modification or reversal."

█ The defendant's first assignment of error contends that the former conviction was based upon a void judgment and sentence. The record supports the defendant's contention that the former conviction occurred in November, 1954; that the defendant was seventeen years old and that he entered a plea of guilty without an attorney. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the United States Supreme Court held that it is not permissible to allow a conviction of a felony obtained without assistance of counsel or an intelligent waiver thereof, to be used to support guilt or enhance punishment in that it is a violation of the right to counsel guaranteed by the sixth amendment.

In the instant case the court minutes reflect that the defendant was advised of his constitutional rights, waived his right to an attorney, and entered a plea of guilty. In the case of Ex parte Cook, 84 Okl.Cr. 404, 183 P.2d 595, involving a seventeen year old defendant charged with Burglary in the Second Degree, this Court stated:

"* * * In Oklahoma, a person may not in a civil suit take a judgment against a minor without the appointment of a guardian ad litem. Certainly, if the law protects the accused in his property rights in a civil case to that extent, then as equally a solemn duty should be imposed upon the court when a minor defendant is brought before him accused of a felony where his life and liberty are likely to be taken."

In conclusion, we find that the evidence as to the defendant's guilt is overwhelming. We are of the opinion that because of the use of a void judgment and sentence to enhance punishment, that the punishment should be modified to a term of five (5) years imprisonment, and as so modified, the judgment and sentence should be affirmed. Modified and affirmed.

NIX and BRETT, JJ., concur.