**Howard Eugene HALL, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17460.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1973.

Ryan Kerr, Altus, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Howard Eugene Hall, hereinafter referred to as defendant, was charged in the District Court of Jackson County, Oklahoma, with the offense of Indecent Telephone Conversation, and was later tried, found guilty and convicted by a jury. His punishment was fixed at one hundred fifty (150) days in the county jail, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The State's evidence, in substance, was that shortly after 9:00 A.M. on December 17, 1971, a telephone call was made to the prosecuting witness, Mrs. Bates, which was lewd and obscene. Two other ladies testified that prior to December 17, 1971, they, too, had received obscene and lewd telephone calls similar in import to the one made to the prosecuting witness. Neither witness, however, could state that the defendant made the calls. Testimony was also presented by the operator of the service station where the call was made that defendant went to the outside phone booth between 9:00 A.M. and 10:00 A.M. of that day. Detective Wilson of the Altus Police Department testified that due to previous telephone calls, he had the telephone company put a "trap" on the prosecuting witness's telephone. He further testified that after the arrest he talked with defendant and that he admitted he attempted to make a business telephone call that morning, but denied he made a call to the prosecuting witness. Officer Guy Eley of the Altus Police Department testified out of the hearing of the jury that he arrested the defendant without a warrant although he thought he was investigating a felony. A witness for the telephone company testified that a call was recorded at 9:12 A.M., accurate to within one second either way. None of the witnesses for the State, including Mrs. Bates, claimed that they could identify defendant as the person who made the call.

Defendant, testifying in his own behalf, stated that he attempted to make a business telephone call that morning at approximately 9:30 A.M., but specifically denied that a call was made to the prosecuting witness. He further testified that he de-

livered certain merchandise to the Sonic Drive-In about 9:00 A.M. and left the drive-in at approximately 9:20 A.M. An employee of the drive-in testified that defendant left the drive-in, in her opinion, between 9:20 and 9:30 on the morning in question.

The defendant urges three (3) propositions of error, but for purposes which will become apparent, this Court will consider only the defendant's proposition that the trial court erred in admitting the testimony of the two women who testified that they, too, had received obscene calls.

■ The State contends that defendant did not make a timely objection to the testimony of said witnesses, citing Campbell v. State, Okl.Cr., 462 P.2d 349 (1969). The State further contends that the objection was first raised on appeal. With this contention the Court cannot agree.

The record reflects that defense counsel objected to opening remarks made by the State to the jury concerning the State's intent to call the two women. Defense counsel objected that unless it was to be shown that the women could identify the defendant's voice such statements would be incompetent, irrelevant, immaterial and highly prejudicial. Defense counsel then, in order to conserve time, made a standing objection to the testimony of said women. The trial court overruled the objection at that time and exceptions were noted.

Both women later testified that they had received similar calls, but, under cross-examination, both stated that they were not accusing defendant of making the calls. No objection by defense counsel was made at the time of the actual testimony, but this Court finds that the objection had been adequately raised and, therefore, preserved.

■

In the case of Hall v. State, 67 Okl.Cr. 330, 93 P.2d 1107 (1939), the defendant was charged with attempted rape. Testimony of girls, other than the prosecuting witness, was admitted showing that defendant on other occasions had attempted to mistreat them. The Court held in the Fourth Syllabus as follows:

"In criminal prosecutions, involving sexual crimes, it is not competent or permissible to show an evil disposition inclining defendant toward that particular crime, by acts totally disassociated with, and far remote in time from, the act of which he is accused, and against an entirely different female. It is utterly repugnant to fairness and justice to accuse a person with the perpetration of a specific and definite crime, and then make that a pretext for trying him, without notice, for another alleged offense against which he is unprepared to defend, thereby producing a prejudice and bias against him in the minds of the jury."

Also see Dooley v. State, Okl.Cr., 484 P.2d 1324 (1971), and Betsy v. State, Okl.Cr., 477 P.2d 90 (1970).

■■ In the instant case the testimony of the two female witnesses did not even link the defendant with their particular lewd telephone calls. Therefore, this Court must hold that such testimony was irrelevant, incompetent, immaterial and grossly prejudicial to defendant; and that the admission of same, having no connection whatsoever with defendant, constitutes fundamental error which will not be permitted by this Court whether or not a timely objection is made.

The judgment and sentence of the trial court is therefore

Reversed and remanded for a new trial.