**Stanley Leo BROWN, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–468.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1975.

Rehearing Denied Jan. 30, 1975.

Loyde H. Warren, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Defendant, Stanley Leo Brown, was convicted by jury verdict in the District Court, Carter County, for the offense of Unlawful Delivery of a Controlled Dangerous Substance, After Former Conviction of a Felony, in violation of 63 O.S., § 2–401 (Case No. CRF–74–3). From the uncontroverted State's evidence produced at trial the jury found that defendant was guilty as charged with delivering and distributing six bags of amphetamines to Gaylon Hayes on the 23rd day of September, 1973. Pursuant to the verdict defendant was sentenced to imprisonment in the State penitentiary for a period of thirty-five (35) years and was fined in the amount of Twenty-Five Hundred ($2,500.00) dollars. Defendant brings this timely appeal of said judgment and sentence raising three propositions of error.

Defendant does not challenge the sufficiency of the evidence adduced at his trial and therefore we do not find it necessary to set forth the facts of this case. We note that the verdict of the jury was supported by ample competent evidence proving the defendant guilty as charged.

■ In his first assignment of error defendant contends that the trial court erred by communicating with the jury by means of a written note after the jury had received the court's instructions and retired to deliberate.

The record reveals that the jury submitted the following written question to the judge through the bailiff:

"What per cent of the sentence will he have to serve to become eligible for parole? We do not understand this and wish to be advised."

Upon receiving the note, the judge summoned defense counsel and the District Attorney into his office. A discussion was had between the judge and counsel concerning what the court's response to the jury's inquiry should be, and by agreement of defense counsel and the District Attorney, a written answer was prepared and returned to the jury by the bailiff.

This note was lost and therefore we do not know the exact wording of the judge's response. While preparing the transcript the reporter contacted the trial judge who stated that his recollection of the content of the statement was as follows:

"The substance of said answer was that that was a matter not within their province, and that the Court could not give them the answer to their question."

Upon motion and Order allowing the Attorney General to supplement the record, affidavits from two jurors and the District Attorney were added to the record which set forth the handwritten reply of the trial judge to have been as follows:

"I cannot answer your question. The question of parole is a matter for the executive branch of State Government."

While the exact words of the judge's response are not known, there is no dispute as to the fact that defense counsel agreed both to the manner used to communicate with the jury and the contents of the reply. The following exchange from the tran-

script of the hearing on defendant's Motion for New Trial makes this abundantly clear:

"THE COURT: '[E]rror of the Court in responding in writing to a written question of the Jury during its deliberation.' It is my memory that you agreed to that.

"MR. WARREN: Yes sir, that's correct, I did. The contention of the defendant is, which I was not aware of, at the time, but defendant's contention in reference to this that it was error per se by doing this out of the chambers and not coming back into open court. And, and submitting the answer to the jury, the response.

"THE COURT: That is exactly what you agreed to. I told you at the time that we wouldn't do that unless you did agree.

"MR. WARREN: Yes sir, I know, I know, I know I did agree.

"THE COURT: When you agree to something, you don't make it as grounds for error."

Defense counsel cites numerous decisions of this Court wherein we have held that reversible error occurred when communication took place between judge and jury outside the provisions of 22 O.S.1971, § 857 and § 894.

As set forth in the sixth paragraph of the syllabus of Ladd v. State, 89 Okl.Cr., 294, 207 P.2d 350 (1949), the law is well settled that:

"Where the trial judge communicates with the jury, outside of the court room, in the absence of defendant or his counsel, such conduct is presumed to be prejudicial to the defendant, and the burden is upon the state to show that the defendant was not prejudiced by reason of such misconduct."

Because the communication which is now complained of occurred with the knowledge and consent of defense counsel during the second stage of trial and consti-

tuted but a simple negative response imparting no additional knowledge or instruction to the jury, we find that any objection was waived, that no presumption of prejudice arose and that same did not constitute error. See, Goodwin v. State, Okl.Cr., 506 P.2d 571 (1973) and Choate v. State, Okl. Cr., 476 P.2d 384 (1970).

▪ Secondly, defendant asserts that the trial judge erred by allowing the witness Gaylon Hayes to relate a partial conversation between defendant and himself which occurred approximately two weeks prior to the date of the offense on trial. Defense counsel argues that the admission of this testimony allowed evidence to come before the jury that the defendant had committed another crime. He submits that the admission was in violation of the well recognized general exclusionary rule which prohibits the introduction of evidence showing the accused committed an offense other than that for which he stands trial, even when an offense of the same sort, since an accused must be convicted, if at all, by evidence showing him to be guilty of the offense charged. However, we are of the opinion that the testimony complained of, when considered as a whole, did not present evidence to the jury that the defendant had committed a separate offense and therefore the evil of prejudice sought to be prevented by the exclusionary rule is not present.

The exchange constituting the substance of defendant's proposition is as follows:

"Q. Let the record reflect that the witness has identified the defendant. Where did you see the defendant on September 9, 1973?

"A. At the Parkview Club which is located on Murray Drive in Ardmore, Oklahoma.

"Q. Where was he, and what was he doing, when you first saw him, please?

"A. He was standing in front of the Club by a motorcycle when I first observed Mr. Brown.

"Q. Did you have an occasion to have a conversation with the defendant, Stanley Leo Brown, on September 9, 1973, at the Parkview Club?

"MR. WARREN: If it please the Court, at this time the defense would object. Objecting on the grounds that it would be incompetent, irrelevant and immaterial, as to this charge. I understand the charge occurred, or the alleged offense occurred on September 23rd, 1973, and not September the 9th. And the defense contends that September the 9th would be remote and would thereby be incompetent, irrelevant and immaterial to this charge.

"THE COURT: Overruled, except as to the extent I have already indicated in chambers, of which counsel is aware.

"MR. WARREN: Thank you, your Honor.

"BY MR. CLARK:

"Q. Was your answer 'Yes.' to that question?

"A. Yes sir.

"Q. What was the conversation about, Mr. Hayes, between you and the defendant?

"A. It was about Amphetamine and Phenobarbital.

"Q. Would you outline to the Court and Jury, please, the essence of the conversation you had on September 9, 1973, with the defendant?

"A. When I approached Mr. Brown, he made the statement, 'I don't have any Speed. However, I do have some Phenobarbital.'

"MR. WARREN: If it please the Court, at this time defendant will move for a mistrial, based on the grounds of what was stated in chambers.

"THE COURT: I don't think so, Mr. Warren; That is not within the limits of the Court's ruling. Overruled.

"MR. WARREN: If the Court please, it is referring to a completely separate charge or another offense.

"THE COURT: I have ruled on it, Mr. Warren. Overruled.

"MR. WARREN: I will take an exception, your Honor." (Tr. 27, 28)

This testimony merely established the fact that Gaylon Hayes and the defendant were acquainted with each other prior to the date of the alleged offense on trial. As the possession of Phenobarbital is not a crime under the laws of Oklahoma, the case at bar is in obvious contrast to the cases relied on by defendant exemplified by our decisions of Jones v. State, Okl.Cr., 321 P.2d 432 (1958) and Brown v. State, Okl.Cr., 506 P.2d 617 (1973). In those cases the testimony that we held was improperly admitted concerned criminal acts for which the defendant was not on trial.

In Jones v. State, supra, defendant, a pharmacist, was charged with a single illegal sale of Paregoric, a narcotic, on a specific day. We held that testimony concerning previous illegal sales of Paregoric were improperly admitted as each alleged separate sale was a crime in and of itself and the evidence thereof was admitted erroneously. Likewise, in Brown v. State, supra, we reversed defendant's conviction for unlawful sale of a stimulant where the trial judge allowed testimony showing defendant's commission of other crimes such as theft, unlawful possession of controlled drugs, and sale of narcotics to come before the jury.

▪ We are of the opinion that the trial judge properly sustained defendant's Motion in Limine in part by ". . . instructing the District Attorney not to bring in, at least in chief, evidence of the specific prior alleged purchase . . .," not including the preliminary meeting or negotiations. (Tr. 13) Further, the trial judge properly enforced his ruling on defendant's Motion in Limine by preventing inquiry by the State into any evidence that the defendant did in fact commit another crime for which he was not standing trial and

limited the testimony to that given. We further find that this testimony did not constitute an evidentiary harpoon as it was not an unsolicited statement voluntarily given by a law enforcement officer such as that present in the case of Ozment v. State, Okl.Cr., 510 P.2d 1002 (1973).

Defendant's third proposition of error concerns the admission of one of defendant's prior felony convictions used by the State in the second stage of trial to enhance punishment. The conviction in question arose in 1956 in Kay County when defendant pled guilty to a charge of Burglary, Second Degree, Case No. 3881. Defense counsel alleges that defendant was 16 at the time said judgment and sentence was entered and that the conviction was therefore constitutionally defective as a denial of equal protection under Lamb v. Brown, 456 F.2d 18 (10th Cir. 1972). He further argues that this constitutional denial must be applied retroactively to this defendant as a result of the decision in Radcliff v. Anderson, 10th Cir., No. 73–1520, June 14, 1974.

 We must first observe that the issue of defendant's age at the time of this conviction was not properly preserved for determination on appeal and is raised for the first time in defendant's appeal brief. The record does not support defense counsel's allegation as to the age of defendant and, as there was no request for a hearing on the matter, no findings were made on the issue by the trial judge. As presented in this appeal the question of whether or not defendant was a minor in 1956 can be only a matter of mere speculation and conjecture. Defense counsel's attempt to establish defendant's age by the attachment of an unauthenticated certificate of birth as an exhibit on his brief is not sufficient.

 Consequently, defendant's reliance upon our decision of Garbutt v. State, Okl.Cr., 481 P.2d 775 (1971) regarding the invalidity of a minor's waiver of an attorney is misplaced and inapplicable to this situation. Further, if defendant had indeed been a minor in 1956 said conviction is not void under the Tenth Circuit opinion of Lamb v. Brown, supra. As we established in our case of Rutledge v. State, Okl.Cr., 527 P.2d 1373, pre-Lamb final judgments may be used to enhance punishment for post-Lamb convictions.

Finding no error sufficient to justify modification or reversal of the judgment and sentence appealed from, we are of the opinion that same should be, and hereby is, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge (concurs in part, and dissents in part).

I concur that the evidence is sufficient to sustain the conviction in this case; but I believe it was error for the court to admit testimony of the September 9, 1973, conversation, because it was too remote in time to be included as part of the res gestae; and I believe the punishment is excessive and resulted from improper instructions to the jury, as well as one invalid conviction.

The evidence is sufficient without the September 9 conversation. While I believe it was error to admit that conversation, under all the facts I do not consider it to be reversible error. The punishment is obviously excessive and resulted from the jury's confusion of pardon and parole matters with its duty to assess proper punishment. Likewise, if the defendant is not entitled to attack the jury's verdict by means of affidavits of jurors, it is by the same token improper for the prosecution to attempt to correct the record by the same type affidavit, as was done in this appeal. See: note 95, under 22 O.S. 952, for cases cited. The manner in which the court handled the jury's question was improper and the full responsibility for the absence of the additional instruction falls squarely upon the court. Had the parties settled

the matter in open court, with the court reporter being present, no such condition would exist.

Lastly, I believe it was improper for the court to have admitted the judgment and sentence of September 19, 1956, when defendant was allegedly sixteen years of age, and without the assistance of counsel entered a plea of guilty to second degree burglary. Admittedly, the other two judgments and sentences reflect that defendant was represented by counsel and were admissible. To what extent the first judgment and sentence influenced the jury, it is not now possible to guess. But nonetheless, admission of that instrument was improper.

Therefore, I believe the judgment and sentence is excessive and should be modified by this Court. Also, I believe Garbutt v. State, Okl.Cr., 481 P.2d 775 (1971) is applicable to this case.