**James D. BOYD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–306.**

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1977.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, James D. Boyd, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–2187, with the offense of Rape in the First Degree, in violation of 21 O.S. 1971, § 1114. The defendant was tried by a jury, convicted and sentenced to imprisonment in the State penitentiary for a term of ninety-nine (99) years. From said judgment and sentence, the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. During the early morning hours of June 2, 1976, the defendant broke into the apartment of the prosecutrix, Mina Slaton, a 76-year-old widow. He removed her clothes, threw her onto the bed and raped her. She suffered several abrasions around the hymenal ring (the opening to the vagina), which a doctor stated at trial indicated "that an instrument too large to fit in that area was forced there." During the struggle, in which the prosecutrix was struck several times about the head and body, her pet dog jumped on top of the defendant, allowing her to effect an escape. The prosecutrix ran to a neighbor's house and asked that the police be notified.

Upon the arrival of the police, the prosecutrix described her assailant, and was thereafter taken to a hospital for examination. During the subsequent search of the building in which Mrs. Slaton resided, the defendant was found sleeping, clothed only in his underwear in a purportedly unoccupied apartment. The crotch of his underwear bore what appeared to be a blood stain, and his discarded clothing fit the general description given by the prosecutrix. The defendant was placed under arrest.

The defendant took the stand in his own behalf and denied ever having seen the prosecutrix before, much less having raped her.

 The defendant's first assignment of error is that the defendant was prejudiced by the alleged evidentiary harpoon by the prosecutrix, interjecting evidence of other crimes. However, we note that the testimony objected to by the defendant was made during response to questions by counsel for the defense during cross-examination and was drawn out by said attorney himself in an apparent attempt to attack the credibility of the prosecutrix' identification of the defendant. Furthermore, a review of the trial transcript indicates that no objection was made during trial to this testimony by the defendant's counsel, who instead attempted to utilize the testimony in question to his own ends. In *Campbell v.*

*State*, Okl.Cr., 462 P.2d 349, 350 (1969), this Court ruled that:

" . . . It is also observed from the record, that the testimony defendant complains of in his brief was not timely objected to by defendant, during his trial. It comes too late to enter an objection, after the witness had completely unfolded his testimony . . . ."

We find this issue has not been properly preserved for review by this Court.

 As his second assignment of error, the defendant asserts that the trial court committed error by instructing the jury on attempted rape in the first degree. He contends that it is not a lesser included offense under the facts of this case. However, it appears that we need not reach this issue because a review of the record reveals that the defendant failed to lodge a timely objection and, thus, failed to preserve this issue for review. See, *Lemmon v. State*, Okl.Cr., 538 P.2d 596 (1975). Furthermore, in view of the fact that the defendant was not convicted for the lesser included offense of attempted rape, even if error were found we would find it difficult to discover any prejudice to the defendant in this case.

The defendant next assigns as error the trial court's failure to instruct the jury on voluntary intoxication as it relates to the intent to commit the offense. The general rule in Oklahoma as stated in 21 O.S.1971, § 153, is that:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition."

Furthermore, in *Kitchen v. State*, 61 Okl.Cr. 435, 69 P.2d 411, 415 (1937), this Court specifically ruled that short of insanity:

"The principle is everywhere recognized that voluntary intoxication is no justification or excuse for crime, and is no excuse for rape, though carried to the extent of producing incapacity to control the mind and will."

 However, the defendant contends that while voluntary intoxication does not constitute an excuse for a crime, it does

relate to the degree of intent the person maintains at the time the act is committed. This might be true concerning crimes involving specific intent, such as premeditation in murder or felonious intent in larceny. However, there is no such special intent requirement for rape. We agree with the general statement in 75 C.J.S. Rape § 9, concerning the completed crime of rape, that:

"While a general criminal intent is involved in the crime of rape, no intent is requisite other than that evidenced by the doing of the acts constituting the offense."

Specific intent *is* involved in an offense such as attempted rape or assault with intent to rape where rape itself is not consummated. In *Thomas v. State*, 68 Okl.Cr. 1, 95 P.2d 658, 669 (1939), a case concerning assault with intent to rape, this Court stated that:

"The specific intent to commit rape is an essential element, both of intent to rape and of assault with intent to rape. An assault with intent to rape or attempt to commit rape includes every element of the crime to commit rape except the accomplishment. The felonious intent to commit rape is the essence of the offense. It is elementary, when a specific intent is required to make an act an offense, that the doing of the act does not raise the presumption that it was done with specific intent."

This applies only to those situations where the rape itself is not consummated. However, in the second paragraph of the Syllabus by the Court in *Thomas v. State*, supra, this rule was misstated in that it indicated that specific intent is also required for the completed crime of rape. Therefore, insofar as *Thomas v. State*, supra, stands for the proposition that any more than general intent is required for the offense of rape, it is expressly overruled. For the above reasons the defendant's third assignment of error is found to be without merit.

The defendant's fourth assignment concerns the manner in which the trial court answered a question by the jury after the jury had retired for deliberation. The defendant contends that the communication itself as well as the manner of the communication was improper. The communication in question, concerning punishment, appears to be nothing more than a restatement of Instructions Nos. 9 and 10 with the addition of an explanation of how such punishment should be recorded on the verdict form, and as such would not appear to have amounted to error had the proper formalities been observed. Title 22 O.S.1971, § 894, sets out the procedure for providing such supplementary information.

However, 22 O.S.1971, § 894, provides as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

In the instant case the failure of the trial court to return the jury to the courtroom in order to further instruct the jury does not comply with this provision. The question still stands, however, concerning whether this worked to the prejudice of the defendant or merely amounted to harmless error.

In the third paragraph of the Syllabus to *Green v. State*, Okl.Cr., 281 P.2d 200 (1955), this Court stated that:

"The presumption of prejudice arising by reason of communication unauthorized by law between the jury, the foreman of the jury, and the trial judge had in violation of the provisions of Title 22, § 894, O.S. 1951, making it mandatory that such communication be had in the courtroom, in the presence of the court and counsel, and both the state and the defendant, can only be overcome by some evidence, at the hearing in the motion for new trial showing no prejudice occurred."

**280**

However, in further interpreting this statute, we stated in *Wilson v. State*, Okl.Cr., 534 P.2d 1325, 1327 (1975), that, ". . . such a presumption may be overcome if, on appeal, this Court is convinced that on the face of the record no prejudice to the defendant occurred."

 A review of the record indicates that the supplementary instruction was submitted to the jury in written form. Further, it appears that said communication was reduced to writing apparently in the presence of both counsel for the State and counsel for the defendant. We feel that the purpose of this statute is to prevent certain communications from being made outside of open court which might influence the jury when both parties of the adversary proceeding have not at least had a chance to be present to protect their interests. Therefore, while there was error in failing to return the jury to the courtroom in compliance with Section 894, under the specific facts of this case we feel that the error was harmless. See, *Wilson v. State*, supra.

 The defendant's fifth and final assignment of error is that the punishment assessed is excessive and the jury's verdict is a manifestation of passion and prejudice, and not rational deliberation. With this contention we cannot agree. A review of the record fails to indicate that the decision returned by the jury was reached in any manner other than fair and rational deliberation. There was clearly sufficient evidence upon which to base a verdict of guilty. Furthermore, the sentence imposed by the jury was not so excessive as to shock the conscience of this Court. See, *Roberts v. State*, Okl.Cr., 473 P.2d 264 (1970), and *LaRue v. State*, Okl.Cr., 404 P.2d 73 (1965). Therefore, the defendant's final assignment of error is found to be without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court is, hereby, *AFFIRMED*.

BUSSEY, P. J., and CORNISH, J., concurs.