Thomas Dewey LIME & Martinez Lime,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15268.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Tom Morgan and E. Blumhagen, Waton-ga, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Thomas Dewey Lime and Martinez Lime, hereinafter referred to as defendants, were charged in the District Court of Blaine County with the crime of Murder. They were tried jointly and convicted of the crime of Manslaughter; their punishment was fixed at fifty-five years imprisonment; and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendants allege four propositions of error, two of which contain sufficient merit to be discussed in this opinion. These propositions contend that the prosecuting attorney made improper remarks in his closing arguments. The first statement objected to by defendants is as follows:

"There is no excuse and they offer you no excuse whatsoever for the manner in which this was done."

The defendants' contention that this statement is a comment upon the failure of the defendants to testify is well taken (CM 308). The defendants timely objected to the statement which was overruled. This Court has repeatedly held that it is not error for the prosecuting attorney to comment on what the evidence shows or that

the evidence is uncontroverted. Lewis v. State, Okl.Cr., 458 P.2d 309.

We are of the opinion that there is a distinction between saying the evidence is uncontroverted and specifically referring to the defendants, stating: "They offer you no excuse." We hold that this remark does not come within the scope of permissible comment.

■ The defendants further complain concerning prejudicial argument by the prosecuting attorney made in the closing statements. The defendants objected to the following statement:

"And Gentlemen, from this evidence there is only one of those you can find. If you do not find one for murder, there will be somebody else's relative that will be killed by these two men within I will say, a year or two."

This objection was sustained by the trial court who did not admonish the jury to disregard the statement (CM 304 & 305). The defendants also objected to the remarks wherein the prosecuting attorney commented on the parole system and on two separate occasions asked the jury to put themselves in the position of the decedents family.

We have carefully reviewed the closing arguments of both parties. We are of the opinion that the remarks of the prosecuting attorney were, in fact, an appeal to the prejudice of the jurors. To convict and punish a person through the influence of prejudice and caprice is as pernicious in its consequences as the escape of a guilty man.

The case is reversed and remanded for a new trial.[1]

BRETT, P. J., and NIX, J., concur.

---

1. The attention of the trial court, counsel for defendants, and prosecuting attorneys is directed to the case of Price v. Georgia,

398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300.