**Brian Dale HAYS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–480.**

Court of Criminal Appeals of Oklahoma.

June 11, 1982.

John F. Reichenberger, Woodward, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Brian Dale Hays, was tried in Woodward County, Oklahoma for the crime of Larceny of Automobile, After Former Conviction of a Felony, pursuant to 21 O.S.1981, § 1720, on March 18, 1981, Case No. CRF–80–214. He was convicted by the jury of the lesser included offense of Unauthorized Use of Motor Vehicle, 47 O.S. 1981, § 4–102. He was sentenced to four (4) years' imprisonment and appeals.

The appellant was stopped on a routine traffic stop while driving a pickup truck in Cherokee, Oklahoma. Upon discovery that the pickup truck belonged to an Amoco Production plant located approximately eighty miles to the southwest of Cherokee, at Mooreland, Oklahoma, the appellant was apprehended. The appellant confessed at trial that he had taken the pickup from the Amoco plant. The only disputed issue was the appellant's sanity.

The appellant's sole allegation of error is that the trial court failed to grant a mistrial, or in the alternative, to admonish the jury following a comment made by the prosecutor during closing argument, to-wit:

> This type of person can't be running up and down the street in the community committing crimes. The next time he does that, if he walks out of here it may be somebody in your family, it may be one of your friends, the next time this occurs maybe he runs into somebody and kills somebody . . .
>
> MR. REICHENBERGER: Your Honor, I am going to object to that line of argument and also move for a mistrial.
>
> THE COURT: Objection sustained, he is not on trial for running into anybody, confine your arguments to the facts.

Although it is improper for the prosecutor to argue that a defendant will commit future crimes if not convicted, see *Lime v. State*, 479 P.2d 608 (Okl.Cr.1971), we cannot say that the prosecutor's comments worked prejudice on the appellant. The appellant stood to receive a minimum of twenty years under 21 O.S.1981, § 51(B), as proof was made that he had been convicted of two previous felonies. The fact that the appellant was convicted of the lesser included offense and sentenced to four years' imprisonment in light of the overwhelming evidence of his guilt amply demonstrates a lack of prejudice. The judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.