Kenneth Lanell PRUITT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–333.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1983.

Rehearing Denied Nov. 2, 1983.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

From his conviction of Kidnapping, in Tulsa County District Court, Case No. CRF–81–336, wherein he was sentenced to twenty-five (25) years' imprisonment, the appellant, Kenneth Lanell Pruitt, appeals.

Evidence introduced at trial showed that on the evening of January 19, 1981, seventeen-year-old T.A. and her boyfriend's four-year-old niece, Shawn, were abducted in Tulsa, Oklahoma at gunpoint by a man T.A. later positively identified as the appellant, Kenneth Pruitt. The man forced the two girls into a beige Charger and drove to a school parking lot. He then forced T.A. into the back seat, demanded that she remove all her clothing, and began to undo his own belt and pants' zipper. Instead of removing his clothes, he began to hit T.A. about the face and finally put his hands around her throat, choking her into unconsciousness.

In direct conflict with the victim's testimony, the defense put on four witnesses, including Pruitt, who testified that he was at home with friends at the time that T.A. was abducted on January 19, 1981. They further testified that neither Pruitt, nor the friends he was with owned a car matching the description that T.A. gave to police.

In his first assignment of error, the appellant contends that the information failed to apprise him of the facts constituting the offense of Kidnapping for the purpose of extortion, for which he was charged. We find this assignment of error has not been properly preserved for review on appeal, as it did not appear in his motion for new trial. *Nutter v. State,* 658 P.2d 492

(Okl.Cr.1983). Moreover, even if it had been properly preserved, we are of the opinion that it is wholly without merit.

As this Court has often held, an information charging a defendant is sufficient if it charges the offense substantially in the language of the statute under which he is charged. *Munson v. State,* 583 P.2d 511 (Okl.Cr.1978), and cases cited therein. The information in this case was strictly couched in terms of 21 O.S.1981, § 745, the statute under which Pruitt was charged. Therefore we find it was sufficient to apprise him of the facts constituting the offense.

In his second assignment of error, the appellant alleges that State's witness, Deputy Sheriff Harold Harrison, injected an evidentiary harpoon during his testimony, thereby denying Pruitt a fair and impartial trial. The alleged harpoon occurred during the prosecutor's direct examination:

BY MR. ROBERTSON:

Q. What was your purpose for seeing T.A. in the Sheriff's Office that morning?

A. I had been assigned by the Sheriff's Office to follow up on the case as far as the abduction and attempted rape.

"MR. O'NEAL: I object to the last comment for the record.

THE COURT: The objection is overruled." (Tr. 115)

The appellant argues that the alleged harpoon was particularly prejudicial because it indicated evidence of another crime: Attempted Rape. In the context of Kidnapping for Extortion, the jury could have considered the attempted rape as the "thing of value or advantage" being extorted. As such, the officer's answer supplied the jury with an essential element of the crime.

This Court identified the characteristics of an evidentiary harpoon in *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980), wherein we stated that:

(1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are wilfully jabbed rather than inadvertent; (4) they

inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and, (6) they are prejudicial to the rights of the defendant on trial.

After a careful review of the trial record, we are of the opinion that Harrison's answer meets at least three of the *Bruner* characteristics set forth above. Harrison is a law enforcement officer; he implicated the appellant in another crime, and it is apparent that the prosecutor's question was calculated to draw out the disputed information. However, there is no indication that it was wilfully jabbed or that Harrison would have volunteered the information had the prosecutor not asked the question.

Further, the record reveals that the victim's testimony was more than sufficient to indicate to the jury that sex was the "thing of value", even without Harrison's reference to the attempted rape. Therefore, we conclude that, although the testimony was improper, it did not contribute to the appellant's conviction, and reversal is not required. See, *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

In his third and final assignment of error, the appellant complains of several statements made by the prosecutor during closing argument.[1]

■ The appellant first objects to two references the prosecutor made to the consequences of returning the appellant to the streets. He argues that these references played on societal alarm and coerced the jury into finding him guilty. One of the references was not properly objected to and has therefore not been properly preserved for review on appeal. *Hill v. State,* 589 P.2d 1073 (Okl.Cr.1979). Moreover, when the appellant *did* object to the second reference, the trial court sustained the objection and admonished the jury not to consider the remarks of counsel. Such an admonition usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.1973). A careful review of the record satisfies us that the remarks do not warrant reversal or modification. The evidence was sufficient to sustain the jury's verdict, and therefore, in light of the court's admonishment, we find that the error was harmless.

■ The appellant also objects to the prosecutor's recommendation that the jury assess punishment at not less than twenty (20) years' imprisonment. He argues that the recommendation does not constitute a permissible comment on the evidence, pointing to the fact that he was sentenced to twenty-five (25) years' imprisonment as proof that the jury was unduly influenced. We do not agree. The fact that the prosecutor asked for a specific range of punishment does not constitute misconduct, but rather reflects a general procedural practice. This assignment of error is wholly without merit.

After considering the record as a whole, we do not find that the appellant has been deprived of any substantial right; rather, he received a fair and impartial trial. Accordingly, the sentence and judgment appealed from is AFFIRMED.

---

1. The comments complained of are as follows:
   (A) MR. ROBERTSON: Do you want this man out on the streets? Would you like to have him out on the streets of Tulsa County tonight driving around? Do you feel comfortable with that? (Tr. 182).
   (B) MR. ROBERTSON: The man needs to be punished for doing something like that; he doesn't need to be on the streets again. If he walks the streets after this, it's going to be easy—
   MR. WALLACE: Your Honor, I object; that's improper and ask the jury be admonished to disregard.
   THE COURT: The objection is sustained and the jury admonished not to consider. (Tr. 184)
   (C) MR. ROBERTSON: Punishment in this case is not less than ten years and no maximum. Based upon the evidence and the aggravation and what this lady went through, this man should not be punished for less than twenty; that's a decision for you to make—
   MR. WALLACE: Objection to the reference to number of years.
   THE COURT: Overruled. (Tr. 184).

CORNISH, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

I agree that this conviction should be affirmed, but I would modify the sentence because of the unnecessary remarks of the prosecutor. When the prosecutor exceeds the bounds of reasonable comment on the evidence in order to arouse the passions and prejudice of the jury, the sentence should be modified. In those extreme cases the judgment and sentence should be reversed and remanded.