**Thomas Gene McWILLIAMS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–632.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Thomas Gene McWilliams, was tried and convicted in the District Court of Tulsa County of Feloniously Pointing a Firearm, After Former Conviction of Two or More Felonies, pursuant to 21 O.S.1981, § 1289.16 and 21 O.S.1981,

§ 51(B), Case No. CRF–84–4838, and was sentenced to thirty-three years' imprisonment.

On December 8, 1984, at approximately 7:30 p.m., Gloria Hefley was accosted by a man, later identified as the appellant, Thomas Gene McWilliams, in the parking lot of the Crystal City Shopping Center in Tulsa. The appellant told her "Just get in the car and there won't be any problem." At that time, with the appellant less than two feet from her, Hefley noticed a small gun in his right hand pointed at her. Hefley immediately began screaming, attracting the attention of Danny Goff, a clothing store manager, and Tipton McCurley, the store's uniformed security guard. As Goff and McCurley approached to within twenty-five feet of Hefley and appellant, appellant began running in the opposite direction from Goff and McCurley. Goff pursued on foot, while McCurley jumped into his nearby automobile and gave chase.

McCurley cut off appellant's avenue of escape in front of a grocery store. Shortly thereafter, Goff arrived and loudly informed McCurley that the appellant had a gun, relying on what Hefley had said to him as he ran down the sidewalk past where she was standing. At that point, a group of shoppers walked between the appellant and McCurley. Employing this opportunity, the appellant began to run and escaped into a nearby field despite McCurley's orders to stop. This incident in front of the Grocery Store took between thirty seconds and a minute to transpire, allowing McCurley opportunity to observe appellant from about ten feet away. Some ten to fifteen minutes later, shortly after the appellant had been apprehended by police in a nearby neighborhood, McCurley was able to identify the appellant as the man who had accosted Hefley earlier that evening. The gun was never found.

Appellant's first assignment of error alleges that the trial court erred in not sustaining his demurrer to the evidence made upon the conclusion of the State's case-in-chief. Where appellant has presented evidence, however, he has waived any claim that the court erred in overruling his de-

murrer to the evidence. *Joplin v. State,* 663 P.2d 746, 747 (Okl.Cr.1983). We will nevertheless examine the sufficiency of the evidence to determine if fundamental error occurred.

The appellant claims fundamental error in that the State's only evidence as to the existence of a pistol is Hefley's testimony. Appellant would label this to be circumstantial evidence in light of Hefley's admitted ignorance about firearms. If her testimony is circumstantial, then appellant claims that the State's case would necessarily fail in that it did not adequately disprove any alternative explanations of what Hefley might have seen in the appellant's hand (i.e., a starter's gun). *Frazier v. State,* 624 P.2d 84 (Okl.Cr.1981); *Roth v. State,* 532 P.2d 1397 (Okl.Cr.1975).

In weighing the sufficiency of the evidence, this Court, in *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985), announced that it will follow the ruling in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), which requires the reviewing court to determine, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." We find that the State has presented such a case.

■ Although Hefley admits that she cannot tell the difference between a revolver and an automatic, this does not render her testimony as to the existence of a pistol circumstantial as claimed by the appellant. As stated in *Aday v. State,* 28 Okl.Cr. 201, 230 P. 280, 281 (1924), "Circumstantial evidence, as distinguished from direct evidence, is testimony not based on actual personal knowledge or observation of the facts in controversy". See also *Roberts v. State,* 715 P.2d 483, 485 (Okl.Cr.1986). Hefley directly perceived what she described as a gun, and although appellant during cross-examination attempted to impeach her ability to identify the object as a gun, he did not object to her testimony that a pistol did exist. The existence of a pistol, as defined in 21 O.S.1981, § 1289.3, is consequently a question of fact for the jury to decide, as noted in the jury instructions given. OUJI–CR–628. Therefore, because there is adequate evidence on the record from which the trier of fact could rationally find that a pistol as defined existed, this Court finds no error. *Wilhite v. State,* 701 P.2d 774 (Okl.Cr.1985); *Truelove v. State,* 545 P.2d 1270 (Okl.Cr.1976); *Jones v. State,* 468 P.2d 805 (Okl.Cr.1970).

The appellant's second assignment of error is that the sentence is excessive. Specifically, the appellant claims error in the trial court's revocation of the suspension of five years of his prior conviction, in the manner in which evidence of his prior convictions was introduced, and in allegedly improper statements made by the prosecutor during his closing statement. These errors, claims appellant, worked to excessively inflate his sentence, and he seeks modification.

The standard for determining if the sentence was excessive is if, in looking at the entire record, the sentence is such that it shocks the conscience of this Court. *Lovelace v. State,* 715 P.2d 481 (Okl.Cr.1986), and *Sanders v. State,* 706 P.2d 909 (Okl.Cr. 1985).

■ This Court has found that it does not shock the conscience of this Court where a suspended sentence has been revoked after a subsequent conviction and the sentences are made to run consecutively. *Nelson v. State,* 706 P.2d 549 (Okl.Cr. 1985). It therefore does not shock the conscience of this Court where, as here, the sentences are made to run concurrently.

■ In introducing evidence on the judgment and sentence of appellant's prior convictions, the prosecutor was introducing evidence necessary for enhancement of sentence. The prosecutor made no comments about the appellant's prior convictions during cross-examination. This is a legitimate introduction of evidence by the prosecutor. *Honeycutt v. State,* 432 P.2d 124 (Okl. Crim.1967), and *Bird v. State,* 85 Okl.Crim. 313, 188 P.2d 242 (1947). We find no error.

Appellant next objects to three statements in the prosecutor's closing statement:

As the fear and fright began to well inside of her she began to scream. Thank God she had the presence to scream;

December 8, 1984, Gloria Hefley out Christmas shopping. Yeah, it would be a memorable Christmas season for her; and,

I would ask you to send a message to the defendant that enough is enough. This is the fourth time. And we are going to send a message to the defendant that it needs to stop.

In determining whether error occurred, this Court will give a wide latitude of argumentation in closing statements and will not alter the sentence unless the improper conduct affects the appellant's rights. *Kennedy v. State*, 640 P.2d 971 (Okl.Crim. 1982); *King v. State*, 640 P.2d 983 (Okl. Crim.1982); *Frick v. State*, 634 P.2d 738 (Okl.Cr.1981).

The first complained of statement is a legitimate inference from the facts and the trial court's denial· of appellant's objection is not error. *Schultz v. State*, 715 P.2d 485 (Okl.Cr.1986); *Battle v. State*, 478 P.2d 1005 (Okl.Cr.1970).

The second complained of statement was neither timely objected to nor is it fundamental error of the type noted in past cases. Therefore, there is no error. *Foster v. State*, 714 P.2d 1031, 1040 (Okl.Cr. 1986), and *Pruitt v. State*, 670 P.2d 999 (Okl.Cr.1983).

■ Finally, the third complained of statement is improper in that it makes reference to the probability of appellant committing future crimes. *Hays v. State*, 646 P.2d 1311 (Okl.Cr.1982); *Lime v. State*, 479 P.2d 608 (Okl.Cr.1971). However, considering that this is the only impropriety found, and that the sentence is not shockingly inappropriate for the crime for which the defendant was convicted, we find that it is harmless error and not sufficient grounds for modification of the sentence. *Owens v. State*, 706 P.2d 912 (Okl.Cr.1985); and *Hays v. State, supra.*

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.