J.M.F. v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:J.M.F. v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 J.M.F. v. STATE
2018 OK CR 29
Case Number: J-2018-0278
Decided: 08/02/2018
J. M. F., Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 29, __ __

 

 

SUMMARY OPINION

KUEHN, JUDGE:

¶1 A Delinquency Petition was filed on January 23, 2017, charging Appellant, J. M. F., age thirteen, with two counts of Indecent or Lewd Acts with a Child Under Sixteen, pursuant to 21 O.S.Supp. 2015, § 1123(A)(2), in Oklahoma County District Court Case No. JDL-2017-1. Following a December 2017 trial, the jury found Appellant delinquent on the first count and not delinquent on the second count. The Honorable Cassandra Williams, Special Judge, adjudicated Appellant delinquent pursuant to 10A O.S.Supp. 2014, § 2-2-402. Appellant appeals from the order adjudicating him a delinquent child. 10A O.S.2011, § 2-2-601.

¶2 Pursuant to Rule 11.2(A)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), this appeal was automatically assigned to the Accelerated Docket of this Court. Oral argument was held June 21, 2018. Rule 11.2(E). As we find merit in Appellant's first proposition of error, the adjudication is reversed and remanded for a new trial on Count 1.

¶3 Appellant's first proposition of error argues he was denied due process of law when the trial judge broke sequestration over defense counsel's objection in violation of 22 O.S.2011, § 857. Section 857 directs:

After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court.

In this case, at 10:43 p.m. on December 6, 2017, when the jury was unable to reach a unanimous verdict on one of the counts, Judge Williams released the jurors to go home for the evening. Counsel for Appellant objected. The judge, in overruling the objection, held that since this is not a purely criminal case and because of the Legislature's intent under the Juvenile Code, she did not believe the Rule of Sequestration applied. She also relied upon 10A O.S.Supp. 2014, § 2-2-402(A), which directs that all adjudicative hearings shall be conducted according to rules of evidence and "may be adjourned from time to time." Judge Williams recessed deliberations until 9:00 a.m. the following day with an admonition.

¶4 A child has a right to demand a trial by jury in adjudicatory hearings to determine if the child is delinquent. 10A O.S.2011, § 2-2-401. Section 2-2-402(A) requires adjudicative hearings be conducted according to the rules of evidence. We agree that Section 2-2-402(A) allows adjudicative hearings to be adjourned from time to time, but once the jury has been charged, Section 857 controls.

¶5 The plain purpose and intent of the law regarding sequestration "is to surround a trial by such safeguards as will exclude all external and improper influence from the jury, and thus protect the right of a defendant to a fair and impartial trial." Evans v. State, 1924 OK CR 4, 18, 221 P. 794, 797, overruled in part on other grounds by Neill v. State, 1994 OK CR 69, ¶ 33, 896 P.2d 537, 550. As set forth in Johnson v. State:

This statute [Section 857], or a comparable version of it, has been on the books in Oklahoma since 1890. It is a well established part of this State's jurisprudence and even the earliest cases found it to mandate that a jury be kept together between the time the cause is submitted and the verdict returned. For almost a century, this Court's treatment of this statute has remained consistent, perhaps because neither its language nor its intent is ambiguous. Under the plain language of Section 857, after the jury has heard the charge, they are to remain together for deliberation until a verdict is returned. If they do not decide in court they must immediately retire for deliberations after having been put in the charge of an officer sworn to keep them together and away from outside communications.

Johnson v. State, 2004 OK CR 23, ¶¶ 17-18, 93 P.3d 41, 46. When a violation of Section 857 occurs over defense objection, as occurred in this case, prejudice is presumed and the burden falls to the State to prove there was no harm done. Johnson, 2004 OK CR 23, ¶¶ 20 & 24, 93 P.3d at 47-48.

¶6 The State argues that there was no prejudice by allowing the jury to break sequestration overnight as the proceedings were confidential and the jury was instructed not to discuss the case with anyone outside of themselves. The State's argument is unpersuasive.

¶7 The record is void of any evidence presented by the State to overcome the presumption of prejudice. Absent inquiries made of the jurors upon their return the next morning, there can be no showing the error was harmless.

¶8 Finding merit to Appellant's first proposition of error, we do not find it necessary to address the remaining propositions of error.

DECISION

¶9 The order of the District Court of Oklahoma County adjudicating Appellant as a Delinquent Child in Case No. JDL-2017-1 is REVERSED and REMANDED for further proceedings consistent with this Opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF OKLAHOMA
COUNTY, THE HONORABLE CASSANDRA WILLIAMS,
SPECIAL JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 JARROD STEVENSON
 THOMAS GRIESEDIECK
 ATTORNEYS AT LAW
 903 N.W. 13th STREET
 OKLAHOMA CITY, OK 73106
 COUNSEL FOR APPELLANT
 
 
 
 DANNY JOSEPH
 SARAH MACNIVEN
 APPELLATE DEFENSE COUNSEL
 OKLAHOMA INDIGENT DEFENSE
 SYSTEM
 P. O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 
 JANET BROWN
 COLLEEN GALAVIZ
 ASSISTANT DISTRICT
 ATTORNEYS
 DISTRICT NO. 7
 5905 N. CLASSEN CT., STE. 301
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE STATE
 
 
 
 JANET BROWN
 ASSISTANT DISTRICT ATTORNEY
 DISTRICT NO. 7
 5905 N. CLASSEN CT., STE. 301
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE STATE
 
 
 

OPINION BY: KUEHN, J.

LUMPKIN, P.J.: CONCUR
LEWIS, V.P.J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 69, 896 P.2d 537, NEILL v. STATE
Discussed
 1924 OK CR 4, 221 P. 794, 26 Okl.Cr. 9, Evans v State
Discussed
 2004 OK CR 23, 93 P.3d 41, JOHNSON v. STATE OF OKLAHOMA
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 857, Jury Decides After Charge - In Court - Retirement for Deliberation - Determination of Sentence
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA