APPEARANCES AT TRIAL
JARROD STEVENSON, THOMAS GRIESEDIECK, ATTORNEYS AT LAW, 903 N.W. 13th STREET, OKLAHOMA CITY, OK 73106, COUNSEL FOR APPELLANT
JANET BROWN, COLLEEN GALAVIZ, ASSISTANT DISTRICT ATTORNEYS, DISTRICT NO. 7, 5905 N. CLASSEN CT., STE. 301, OKLAHOMA CITY, OK 73118, COUNSEL FOR THE STATE
APPEARANCES ON APPEAL
DANNY JOSEPH, SARAH MACNIVEN, APPELLATE DEFENSE COUNSEL, OKLAHOMA INDIGENT DEFENSE SYSTEM, P. O. BOX 926, NORMAN, OK 73070, COUNSEL FOR APPELLANT
JANET BROWN, ASSISTANT DISTRICT ATTORNEY, DISTRICT NO. 7, 5905 N. CLASSEN CT., STE. 301, OKLAHOMA CITY, OK 73118, COUNSEL FOR THE STATE
SUMMARY OPINION
KUEHN, JUDGE:
¶1 A Delinquency Petition was filed on January 23, 2017, charging Appellant, J. M. F., age thirteen, with two counts of Indecent or Lewd Acts with a Child Under Sixteen, pursuant to 21 O.S.Supp. 2015, § 1123(A)(2), in Oklahoma County District Court Case No. JDL-2017-1. Following a December 2017 trial, the jury found Appellant delinquent on the first count and not delinquent on the second count. The Honorable Cassandra Williams, Special Judge, adjudicated Appellant delinquent pursuant to 10A O.S.Supp. 2014, § 2-2-402. Appellant appeals from the order adjudicating him a delinquent child. 10A O.S.2011, § 2-2-601.
*155 ¶2 Pursuant to Rule 11.2(A)(3), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018), this appeal was automatically assigned to the Accelerated Docket of this Court. Oral argument was held June 21, 2018. Rule 11.2(E). As we find merit in Appellant's first proposition of error, the adjudication is reversed and remanded for a new trial on Count 1.
¶3 Appellant's first proposition of error argues he was denied due process of law when the trial judge broke sequestration over defense counsel's objection in violation of 22 O.S.2011, § 857. Section 857 directs:
After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court.
In this case, at 10:43 p.m. on December 6, 2017, when the jury was unable to reach a unanimous verdict on one of the counts, Judge Williams released the jurors to go home for the evening. Counsel for Appellant objected. The judge, in overruling the objection, held that since this is not a purely criminal case and because of the Legislature's intent under the Juvenile Code, she did not believe the Rule of Sequestration applied. She also relied upon 10A O.S.Supp. 2014, § 2-2-402(A), which directs that all adjudicative hearings shall be conducted according to rules of evidence and "may be adjourned from time to time." Judge Williams recessed deliberations until 9:00 a.m. the following day with an admonition.
¶4 A child has a right to demand a trial by jury in adjudicatory hearings to determine if the child is delinquent. 10A O.S.2011, § 2-2-401. Section 2-2-402(A) requires adjudicative hearings be conducted according to the rules of evidence. We agree that Section 2-2-402(A) allows adjudicative hearings to be adjourned from time to time, but once the jury has been charged, Section 857 controls.
¶5 The plain purpose and intent of the law regarding sequestration "is to surround a trial by such safeguards as will exclude all external and improper influence from the jury, and thus protect the right of a defendant to a fair and impartial trial." Evans v. State , 26 Okla.Crim. 9, 1924 OK CR 4, ¶ 18, 221 P. 794, 797, overruled in part on other grounds by Neill v. State , 1994 OK CR 69, ¶ 33, 896 P.2d 537, 550. As set forth in Johnson v. State :
This statute [ Section 857 ], or a comparable version of it, has been on the books in Oklahoma since 1890. It is a well established part of this State's jurisprudence and even the earliest cases found it to mandate that a jury be kept together between the time the cause is submitted and the verdict returned. For almost a century, this Court's treatment of this statute has remained consistent, perhaps because neither its language nor its intent is ambiguous. Under the plain language of Section 857, after the jury has heard the charge, they are to remain together for deliberation until a verdict is returned. If they do not decide in court they must immediately retire for deliberations after having been put in the charge of an officer sworn to keep them together and away from outside communications.
Johnson v. State , 2004 OK CR 23, ¶¶ 17-18, 93 P.3d 41, 46. When a violation of Section 857 occurs over defense objection, as occurred in this case, prejudice is presumed and the burden falls to the State to prove there was no harm done. Johnson, 2004 OK CR 23, ¶¶ 20 & 24, 93 P.3d at 47-48.
¶6 The State argues that there was no prejudice by allowing the jury to break sequestration overnight as the proceedings were confidential and the jury was instructed not to discuss the case with anyone outside of themselves. The State's argument is unpersuasive.
¶7 The record is void of any evidence presented by the State to overcome the presumption of prejudice. Absent inquiries made of the jurors upon their return the next *156 morning, there can be no showing the error was harmless.
¶8 Finding merit to Appellant's first proposition of error, we do not find it necessary to address the remaining propositions of error.
DECISION
¶9 The order of the District Court of Oklahoma County adjudicating Appellant as a Delinquent Child in Case No. JDL-2017-1 is REVERSED and REMANDED for further proceedings consistent with this Opinion . Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the filing of this decision.
LUMPKIN, P.J.: CONCUR
LEWIS, V.P.J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR