FRAZIER v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FRAZIER v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FRAZIER v. STATE
2020 OK CR 7
Case Number: F-2018-483
Decided: 03/05/2020
WILLIE VERN FRAZIER, JR., Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 7, __ __

 

 

O P I N I O N

ROWLAND, JUDGE:

¶1 Appellant Willie Vern Frazier, Jr. appeals his Judgment and Sentence from the District Court of Okmulgee County, Case No. CF-2016-491, for Unlawful Possession of a Firearm by a Convicted Felon, After Former Conviction of Two or More Felonies (Count 1), in violation of 21 O.S.Supp.2014, § 1283(A); Possession of Controlled Dangerous Substance (Hydrocodone/Methamphetamine), After Former Conviction of Two or More Felonies (Count 2), in violation of 63 O.S.Supp.2016, § 2-402; Possession of Controlled Dangerous Substance (Marijuana), a misdemeanor (Count 3), in violation of 63 O.S.Supp.2016, § 2-402; Driving a Motor Vehicle While Under the Influence of Drugs, a misdemeanor (Count 4), in violation of 47 O.S.Supp.2016, § 11-902(A)(4); Transporting Loaded Firearm in Motor Vehicle, a misdemeanor (Count 5), in violation of 21 O.S.Supp.2012, § 1289.13; and Carrying Firearm While under the Influence, a misdemeanor (Count 6), in violation of 21 O.S.Supp.2012, § 1289.9. The Honorable Cynthia D. Pickering, Associate District Judge, presided over Frazier's jury trial and sentenced him, in accordance with the jury's verdict, to life imprisonment and a $5,000.00 fine on Count 1, five years imprisonment and a $5,000.00 fine on Count 2, one year in the county jail and a $1,000.00 fine on each of Counts 3 and 4, and six months in the county jail and a $500.00 fine on each of Counts 5 and 6. Judge Pickering ordered Counts 1, 5, and 6, to run concurrently with each other, Counts 2 and 3 to run concurrently with each other but consecutively to Counts 1, 5, and 6, and Count 4 to run consecutive to all other counts. Frazier appeals raising the following issues:

(1) whether a break in jury sequestration requires relief;

(2) whether he suffered double punishment for his convictions and sentences in Counts 1, 5, and 6;

(3) whether he was denied a fair trial because the district court allowed the prosecution's peremptory challenge of an African-American panelist;

(4) whether prosecutorial misconduct deprived him of a fair trial;

(5) whether his life sentence for possession of a firearm after felony conviction is excessive; and

(6) whether an accumulation of error deprived him of a fair trial.

¶2 We find relief is not required and affirm the Judgment and Sentence of the district court on Counts 1, 2, 3, and 4. We find, however, that the Judgment and Sentence of the district court on Counts 5 and 6 must be remanded to the district court with Instruction to dismiss.

Facts

¶3 The facts underlying Frazier's convictions are not in dispute. On December 16, 2016, a trooper with the Oklahoma Highway Patrol stopped Frazier for speeding on Highway 75. The trooper clocked Frazier with his radar gun driving ninety miles per hour in a sixty-five mile per hour zone. The highway was wet and slick because of misty weather and part of the roadway was under construction. The trooper made contact with Frazier and noted a strong odor of raw marijuana. After running Frazier's license, the trooper again approached Frazier's pickup to issue a warning citation and this time observed a smoked marijuana blunt on the center console. The trooper asked Frazier to exit the pickup, and he observed various signs of intoxication, including the odor of burnt marijuana on Frazier's person and breath, dilated pupils, eye and body tremors, a green film on Frazier's tongue as well as a general unsteadiness. The trooper searched Frazier and recovered a rolled up dollar bill from his pocket containing two hydrocodone pills and two other pills. Frazier admitted smoking marijuana within two hours of the stop. The trooper searched the pickup and seized the smoked marijuana blunt, a digital scale with methamphetamine residue, roughly 100 grams of raw marijuana and a loaded Raven .25 caliber pistol.

1. Break in Jury Sequestration

¶4 Frazier argues he was denied due process of law because the district court allowed his jury to go to lunch, over defense counsel's objection, after the case was submitted for deliberations in violation of 22 O.S.2011, § 857.[1] He maintains this error requires reversal of his convictions. The State has never contested in this appeal that a break in jury sequestration occurred or that the district court violated Section 857 by allowing the jury to separate for lunch. See Johnson v. State, 2004 OK CR 23, ¶ 18, 93 P.3d 41, 47 (reaffirming that a case is submitted to the jury once the court has delivered the jury instructions and the parties have completed closing argument). The State has acknowledged from the beginning this Court's long-standing case law, holding that a district court's failure to adhere to the statutory mandate of Section 857 constitutes error. J.M.F. v. State, 2018 OK CR 29, ¶ 5, 427 P.3d 154, 155; Johnson, 2004 OK CR 23, ¶ 20, 93 P.3d at 47. The State has further acknowledged violations of Section 857 over defense objection result in a presumption of prejudice and the burden falls to the State to prove the break in sequestration did not prejudice the accused. J.M.F., 2018 OK CR 29, ¶ 5, 427 P.3d at 155; Johnson, 2004 OK CR 23, ¶ 20, 93 P.3d at 47. To meet its burden, the State requested an evidentiary hearing and we granted that request and ordered the evidentiary hearing under Rule 3.11(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019).[2] The district court held the evidentiary hearing on September 5, 2019, and filed its Findings of Fact with the Clerk of this Court on October 3, 2019.

¶5 Each juror who served on Frazier's jury appeared at the evidentiary hearing, including the alternate. Each one was questioned individually and separately from the other jurors. Each juror who deliberated testified: (1) that throughout trial he or she followed the court's admonition not to discuss the case with anyone or allow anyone to discuss the case with him or her; (2) that he or she followed the court's admonition throughout trial not to read or listen to any news report concerning the case; (3) that he or she also abided by these admonitions during the lunch break after the case was submitted; (4) that he or she decided Frazier's case based solely on the evidence presented at trial; and (5) that he or she did not use a cell phone or other media device during the lunch break to search for information about Frazier. The majority of contact that jurors had with non-jurors during the challenged lunch break was placing a lunch order. The few who conversed with non-jurors beyond placing a lunch order testified there was no conversation about the case. Each juror also affirmed his or her signed affidavit attesting that he or she followed the court's directives throughout trial, including the challenged lunch break.

¶6 The district court read all pleadings on this issue, listened to the testimony of the jurors, examined the applicable case law, and found that the State had met its burden to disprove the presumption that prejudice resulted from the break in jury sequestration. We agree. There was neither evidence contradicting the testimony of the jurors nor evidence that any of the jurors were improperly swayed by outside influences. All jurors heeded the district court's admonitions at all times and reached a verdict based solely on the evidence presented at trial. Each juror understood the gravity of his or her duty and carefully guarded against any impropriety that might interfere with his or her duty to fairly and impartially decide the case. With the presumption of prejudice amply rebutted by the State, we reject Frazier's claim that he was denied due process from the break in jury sequestration.

2. Multiple Punishment

¶7 Frazier claims he was punished twice for the same act when he was convicted and sentenced for Unlawful Possession of a Firearm by a Convicted Felon (Count 1) and two misdemeanors, namely Transporting a Loaded Firearm (Count 5) and Possession of a Firearm While Intoxicated (Count 6). He contends that his possession of the same gun served as the basis for the charges in Counts 1, 5, and 6 and that there was no temporal break between the alleged acts. He maintains that the acts were therefore not separate and distinct and his convictions violate the statutory prohibition against multiple punishments for the same act under 21 O.S.2011, § 11.[3]

¶8 Frazier did not raise a multiple punishment objection at trial. This claim is therefore waived and will be reviewed for plain error only. Logsdon v. State, 2010 OK CR 7, ¶ 15, 231 P.3d 1156, 1164. Frazier has the burden in plain error review to demonstrate that "an error, plain or obvious under current law, adversely affected his substantial rights." Hammick v. State, 2019 OK CR 21, ¶ 8, 449 P.3d 1272, 1275; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. Only if Frazier does so will this Court entertain correcting the error provided the error seriously affected the fairness, integrity or public reputation of the judicial proceedings or represented a miscarriage of justice. Hammick 2019 OK CR 21, ¶ 8, 449 P.3d at 1275.

¶9 We analyze claims raised under Section 11 by focusing on the relationship between the crimes, considering "(1) the particular facts of each case; (2) whether those facts set out separate and distinct crimes; and (3) the intent of the Legislature."[4] Sanders v. State, 2015 OK CR 11, ¶ 8, 358 P.3d 280, 284; Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126. If the crimes "truly arise" out of one act, Section 11 prohibits punishing the act under more than one statute. Davis, 1999 OK CR 48, ¶ 13, 993 P.2d at 126. The Court in Sanders found that unlawful possession of a firearm by a convicted felon is a status crime and generally separate and distinct from any subsequent criminal activity with the same firearm. Sanders, 2015 OK CR 11, ¶ 7, 358 P.3d at 283-84. While the crime of felon in possession is complete upon a convicted felon being in possession, either personally or constructively, of a weapon, it is the individual's further actions that dictate whether additional criminal charges may arise from those acts. Id. 2015 OK CR 11, ¶ 8, 358 P.3d at 284. For example, in that case the Court found Sanders's convictions for possession of a firearm by a convicted felon and knowingly concealing stolen property violated Section 11 because both convictions were supported by the same weapon, there was no temporal break between the possession of the gun and concealing it, and the language of the Information provided the same time frame for both offenses. Id. 2015 OK CR 11, ¶ 11, 358 P.3d at 284.

¶10 This case is controlled by Sanders. The firearm used to support Frazier's three charges was found in the pickup he occupied by himself when he was stopped by the trooper for speeding. The language alleging Counts 1, 5, and 6 in the Information provided the same time frame for all three offenses. Although the State calls it "an extremely reasonable inference" that Frazier put the firearm in his pickup sometime before smoking marijuana and being stopped, it concedes there is no direct evidence. Indeed, the inference is just as reasonable that Frazier, a convicted felon, got into the pickup with the gun after smoking marijuana, and that there was no genuine temporal break between the challenged crimes. The evidence showed Frazier told the trooper only that he had smoked marijuana at his girlfriend's house two hours before the stop. Under the reasoning of Sanders, possession of the same firearm, with no evidence of a temporal break between the individual acts, resulted in three charges and punishments in this case for the same act. Frazier has therefore established the commission of a plain error stemming from a violation of Section 11. To remedy the error, we find the case should be remanded to the district court with instructions to dismiss Counts 5 and 6.

3. Peremptory Challenge

¶11 Frazier claims the district court erred in rejecting his Batson challenge to the prosecution's removal of the only African-American panelist from the venire.[5] Although the prosecutor articulated non-pretextual, race-neutral reasons for the peremptory strike, Frazier maintains the reasons were vague, generic, and insufficient. He also contends the district court mistakenly focused on whether the reasons given by the prosecutor were race neutral rather than on whether he had shown purposeful discrimination. According to Frazier, the district court made the wrong findings on the record and his Batson challenge should have been sustained. We disagree.

¶12 The State exercised its five peremptory challenges without complaint after the parties passed the original venire panel for cause. The district court called six additional prospective jurors to examine for the purpose of selecting two alternate jurors. Once the parties passed these six panelists for cause, the parties exercised two peremptory challenges each and the State exercised its second and final peremptory challenge to strike Panelist C. Defense counsel objected because Panelist C was the only African American in the jury pool. The prosecutor immediately offered an explanation, stating that Panelist C sat with her arms crossed during questioning, did not pay attention, refused to make eye contact, and had an "extremely hostile look on her face." The prosecutor noted that Panelist C was more attentive to defense counsel. Defense counsel responded that Panelist C had her arms crossed and avoided eye contact with her as well. The district court overruled defense counsel's Batson objection and allowed the strike. The court stated, "I don't think that any of the reasons that they have given this Court or [defense counsel] had anything to do with her race or ethnicity at all."

¶13 Frazier fails to show an equal protection violation under Batson from the prosecutor's peremptory strike of Panelist C. See Day v. State, 2013 OK CR 8, ¶ 15, 303 P.3d 291, 299 (discussing three-step process for evaluating equal protection challenges based on alleged racial discrimination in the exercise of peremptory challenges). The prosecutor provided race-neutral reasons for the peremptory strike. Smith v. State, 2007 OK CR 16, ¶ 12, 157 P.3d 1155, 1162 (holding "[a] neutral explanation in the context of this analysis means one based on something other than the race of the juror."). The prosecutor's reasons showed no discriminatory intent inherent in the explanation. Thus, the reasons given were appropriately deemed race-neutral. Id. The district court's finding that the prosecutor's explanation provided facially valid reasons not revealing an intent to discriminate on the basis of race is supported by the record. Because the State tendered a race-neutral explanation for striking Panelist C, Frazier had the burden of proving purposeful discrimination and he has failed to do so. Id., 2007 OK CR 16, ¶ 16, 157 P.3d at 1163. The district court chose to believe the prosecutor's explanations related to the apparent hostile and standoffish attitude of the panelist. Consequently, we find the district court's decision to accept these race-neutral reasons as sufficient to defeat Frazier's Batson challenge was not clearly erroneous. Snyder v. Louisiana, 552 U.S. 472, 477 (2008) (holding "[o]n appeal, a trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous."). Nor do we find, contrary to Frazier's assertion, that the district court made incorrect findings. The district court made a specific finding that the prosecutor's reasons for the strike were not race or ethnicity related. It acknowledged the proffered reasons and agreed that the reasons were not predicated on an attempt at racial exclusion, i.e., that Frazier had not shown purposeful discrimination. Because no clear error is apparent from the district court's ruling, we reject Frazier's Batson claim.

4. Prosecutorial Misconduct

¶14 Frazier contends he was denied a fair sentencing proceeding because of prosecutorial misconduct during the second stage of his bifurcated trial. He argues the prosecutor improperly commented on the possibility that he would commit future crimes. Because Frazier failed to object, he has waived review of this claim for all but plain error. See Bivens v. State, 2018 OK CR 33, ¶ 20, 431 P.3d 985, 994. He must show that the commission of a plain or obvious error affected the outcome of his trial. Nicholson v. State, 2018 OK CR 10, ¶ 9, 421 P.3d 890, 895. This Court will correct plain error only where it seriously affected the fairness, integrity or public reputation of the proceedings or represented a miscarriage of justice. Id.

¶15 This Court evaluates claims of prosecutorial error "within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel." Lee v. State, 2018 OK CR 14, ¶ 6, 422 P.3d 782, 785. We have long recognized that both parties enjoy a "wide latitude in closing argument to argue the evidence and reasonable inferences from it." Lamar v. State, 2018 OK CR 8, ¶ 54, 419 P.3d 283, 297. It will be the rare instance when a prosecutor's misconduct during closing argument requires relief. Bramlett v. State, 2018 OK CR 19, ¶ 36, 422 P.3d 788, 800. Nevertheless, this Court does not permit argument on the possibility that a defendant may commit future crimes. See Brewer v. State, 1982 OK CR 128, ¶ 8, 650 P.2d 54, 58 (commenting on the possibility that a defendant may commit future crimes is highly improper).

¶16 Frazier argues the prosecutor violated the prohibition against future crime references when he stated:

And say to him for the rest of your life, Mr. Frazier, you get to spend it in prison so you can (sic) do it anymore because you have proven through 26 years of your life you will not change. The State asks you to seriously consider that. It's the only thing, the State would submit, that is going to stop his behavior from occurring yet again.

¶17 Frazier likens his case to McWilliams v. State, 1987 OK CR 203, 743 P.2d 666. There the prosecutor argued, "I would ask you to send a message to the defendant that enough is enough. This is the fourth time. And we are going to send a message to the defendant that it needs to stop." McWilliams, 1987 OK CR 203, ¶ 12, 743 P.2d at 669. The Court in McWilliams found the argument improper because it made reference to a probability that the defendant would commit future crime. Id. 1987 OK CR 203, ¶ 16, 743 P.2d at 669. The prosecutor's exhortation to consider that imposing the maximum sentence was the only way to stop Frazier's criminality likewise makes an improper reference to a probability that Frazier would commit crime in the future.

¶18 Generally, a jury is free to consider the relevant proof of a prior conviction and both parties are afforded wide latitude to discuss the evidence and to make sentence recommendations in the second stage of trial since the point of sentence enhancement is to take into account the defendant's recidivism. See Terrell v. State, 2018 OK CR 22, ¶ 7, 425 P.3d 399, 401. There is a difference, however, in asking the jury to base punishment for a crime in part on past criminal history, versus asking the jury to punish based upon their prediction about crimes he might commit in the future. The prosecutor's remark in this case crossed that line and was error.

¶19 "No criminal trial is perfect." Powell v. State, 2000 OK CR 5, ¶ 152, 995 P.2d 510, 539. From time to time, prosecutors, in the heat of argument, make remarks not justified by the evidence and which are, or may be, prejudicial to the accused. Id. Nevertheless, "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." Id. The record shows that Frazier sealed his fate when he elected to testify in second stage and denied ownership and knowledge that the firearm was in the truck after the jury had already found him guilty of transporting a loaded firearm and carrying a firearm while under the influence. He also disputed his guilt on two of his prior convictions to which he had pleaded guilty. His disingenuous narrative portrayed him as a liar unwilling to take responsibility for his criminal behavior, most of which involved guns and drugs. Based on his past and present conduct involving the same kind of offenses, the jury understandably found him unremorseful, unchanged, dangerous, and undeserving of a minimal punishment. We also note that the prosecutor's final closing argument asked the jury to punish Frazier based solely on his present conduct and prior record without reference to any future criminality. Viewing the error in context, we cannot find on this record that the prosecutor's remark affected the overall fairness of Frazier's sentencing proceeding. Relief is not warranted. This claim is denied.

5. Excessive Sentence

¶20 Frazier contends his sentence of life imprisonment for possession of a firearm by a convicted felon is excessive. He argues that his sentence does not bear a direct relationship to the nature and circumstances of the offense because his previous felony convictions were for nonviolent offenses and his present offense did not endanger anyone. He maintains the lengthy sentence was driven by improper argument from the prosecutor. He asks this Court to favorably modify his sentence.

¶21 "This Court will not disturb a sentence within statutory limits unless, under the facts and circumstances of the case, it shocks the conscience of the Court." Thompson v. State, 2018 OK CR 32, ¶ 16, 429 P.3d 690, 694. This was Frazier's ninth felony conviction. With his previous eight felony convictions, the range of punishment on Count 1 was three years to life imprisonment. 21 O.S.2011, § 51.1(C). He had three previous gun related convictions and four previous drug related convictions.

¶22 Frazier's claim of excessive sentence is without merit because his sentence, under the circumstances, does not meet this Court's "shock the conscience" test. He had a lengthy record of prior felony convictions for similar offenses and the sentence imposed was within the allowed range of punishment. The jury considered his conduct as well as his prior record and imposed punishment accordingly. This claim is denied.

6. Cumulative Error

¶23 Frazier claims that even if no individual error in his case merits relief, the cumulative effect of the errors committed requires a new trial or favorable sentence modification. "The cumulative error doctrine applies when several errors occurred at the trial court level, but none alone warrants reversal." Tafolla v. State, 2019 OK CR 15, ¶ 45, 446 P.3d 1248, 1263. Although individual errors may be of insufficient gravity to warrant reversal, the combined effect of an accumulation of errors may require a new trial. Id. The commission of several trial errors does not deprive the defendant of a fair trial when the errors considered together do not affect the outcome of the proceeding. Id. Other than the multiple punishment error necessitating dismissal of Counts 5 and 6, there are no errors, considered individually or cumulatively, that merit additional relief in this case. This claim is denied.

DECISION

¶24 The Judgment and Sentence of the district court on Counts 1, 2, 3, and 4 is AFFIRMED. The Judgment and Sentence of the district court on Counts 5 and 6 is REMANDED to the district court with Instructions to DISMISS. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF OKMULGEE
COUNTY, THE HONORABLE CYNTHIA PICKERING,
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 ANGELA BONILLA
 CORI FELKINS
 ATTORNEYS AT LAW
 P.O. BOX 998
 OKMULGEE, OK 74447
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 DANNY JOSEPH
 JEREMY STILLWELL
 APPELLATE DEFENSE
 COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 O.R. BARRIS, III
 DISTRICT ATTORNEY
 CAROL ISKI
 ASST. DISTRICT ATTORNEY
 314 WEST 7TH STREET
 OKMULGEE, OK 74447
 COUNSEL FOR STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 OF OKLAHOMA
 JOSHUA R. FANELLI
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY: ROWLAND, J.

LEWIS, P.J.: Concur in Results
KUEHN, V.P.J.: Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Section 857 directs:

After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court.

[2] Rule 3.11(A) states:

After the Petition in Error has been timely filed in this Court, and upon notice from either party or upon this Court's own motion, the majority of the Court may, within its discretion, direct a supplementation of the record, when necessary, for a determination of any issue; or, when necessary, may direct the trial court to conduct an evidentiary hearing on the issue.

The State filed a motion for an evidentiary hearing prior to filing its Answer Brief. We denied that request, deciding to review the claim once the case was fully briefed and submitted for decision. The State renewed its request in its Answer Brief, and we granted that request.

[3] Section 11 provides in relevant part that:

[A]n act or omission which is made punishable in different ways by different provisions of this title may be punished under any such provisions, . . . but in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law....

[4] Frazier concedes that no double jeopardy issue is presented by these facts because each of the three challenged crimes requires proof of an element the other two do not. Blockburger v. United States, 284 U.S. 299, 304 (1932).

[5] Batson v. Kentucky, 476 U.S. 79, 89 (1986) (holding Equal Protection Clause forbids exclusion of a prospective juror solely on account of his or her race).

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2004 OK CR 23, 93 P.3d 41, JOHNSON v. STATE OF OKLAHOMA
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2007 OK CR 16, 157 P.3d 1155, SMITH v. STATE
Discussed at Length
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2013 OK CR 8, 303 P.3d 291, DAY v. STATE
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed at Length
 2018 OK CR 8, 419 P.3d 283, LAMAR v. STATE
Discussed
 2018 OK CR 10, 421 P.3d 890, NICHOLSON v. STATE
Discussed
 2018 OK CR 14, 422 P.3d 782, LEE v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed
 2018 OK CR 22, 425 P.3d 399, TERRELL v. STATE
Discussed
 2018 OK CR 29, 427 P.3d 154, J.M.F. v. STATE
Discussed at Length
 2018 OK CR 32, 429 P.3d 690, THOMPSON v. STATE
Discussed
 2018 OK CR 33, 431 P.3d 985, BIVENS v. STATE
Discussed
 2019 OK CR 15, 446 P.3d 1248, TAFOLLA v. STATE
Discussed
 2019 OK CR 21, 449 P.3d 1272, HAMMICK v. STATE
Discussed at Length
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed at Length
 2000 OK CR 5, 995 P.2d 510, 71 OBJ 427, Powell v. State
Discussed
 1982 OK CR 128, 650 P.2d 54, BREWER v. STATE
Discussed
 1987 OK CR 203, 743 P.2d 666, McWILLIAMS v. STATE
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 51.1, Punishment for Second and Subsequent Offenses after Conviction of Offense Punishable by Imprisonment in State Penitentiary
Cited
 21 O.S. 1289.13, Transporting a Loaded Firearm
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 1283, Convicted Felons and Delinquents
Cited
 21 O.S. 1289.9, Carrying Weapon Under the Influence of Alcohol
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 857, Jury Decides After Charge - In Court - Retirement for Deliberation - Determination of Sentence
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-402, Prohibited Acts B - Penalties
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA